## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL R. STEMPLE              *

Petitioner                      *

v                               *              Civil Action No. CCB-11-3436

STATE OF MARYLAND               *

Respondent                      *
                              ***

### MEMORANDUM

Petitioner's court-ordered supplement was filed on December 14, 2011.  ECF No. 3 and

4.  Petitioner alleges as grounds for habeas corpus relief that the sentence imposed violated the

plea agreement.  He also claims he was prejudiced due to prosecutorial misconduct, ineffective

assistance of counsel and failure to use the proper guidelines in sentencing him.  ECF No. 3 at

pp. 5 and 6.

Petitioner entered an *Alford*[1] plea in the Circuit Court for Frederick County, to charges of

having sex with a minor.  On August 4, 2011, he was sentenced to serve 25 years incarceration.

Petitioner indicates that he filed a direct appeal in this case, but never heard anything more about

it.  He also indicates that he has not yet filed a petition for post-conviction relief.  A check of the

state electronic docket reveals that there is a direct appeal pending[2] in petitioner's case as well as

a petition for post-conviction[3] relief.  *See State of Maryland v. Stemple*, Case 10K10048689

(Frederick Co. Cir. Ct.).[4]

---

[1] The plea permits a criminal defendant to enter the equivalent of a guilty plea by admitting there is enough evidence to convict him at trial, but maintaining his innocence. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] The Circuit Court record was forwarded to the Court of Special Appeals on September 23, 2011.

[3] The self-represented petition for post-conviction relief was filed on November 30, 2011.

[4] http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=10K10048689&loc=67&detailLoc=K

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Cts. & Jud. Proc. Code Ann., §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.

2

*Williams, supra.* It is clear the instant case has not been exhausted and must be dismissed without prejudice for failure to exhaust state remedies.[5]

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Petitioner has demonstrated neither through the documents filed; therefore, a certificate of appealability shall be denied in the instant case.

<u>December 20, 2011</u>                                  <u>            /s/            </u>
Date                                                         Catherine C. Blake
                                                             United States District Judge

---

[5] Petitioner should be mindful that there is a one year filing deadline that applies to federal habeas corpus petitions filed pursuant to 28 U.S.C. §2254. Under 28 U.S.C. §2244(d):

> (1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.